■ In the Matter of the Estate of JOSEPH SARDELLA, Deceased. CHARLES B. CLOSE, as Executor of JOSEPH SARDELLA, Deceased, et al., Appellants; CHARLES B. CLOSE et al., Respondents.— Decree unanimously reversed on the law and facts, with costs and disbursements to parties filing briefs, payable out of the estate, and matter remitted to the Surrogate's Court of Onondaga County for further proceedings in accordance with the following Memorandum: The residuary legatees of the will of Joseph Sardella, deceased, appeal from a decree of the Onondaga County Surrogate's Court which adjudged that money collected by the testator's attorney during the testator's lifetime and deposited without the testator's knowledge in a bank account in the name of the attorney in trust for the testator, passed under the third paragraph of the testator's will to respondent, Mahar, she being the legatee named therein. The third paragraph of the will provides: "I give and bequeath to my friend, AGNES MAHAR * * * all cash remaining in any bank, or banks, after the payment of my funeral and administration expenses." The decree erroneously directs disposition of a portion of the testator's estate on the basis of acts done by testator's attorney without testator's knowledge or consent. The testator had a right to collect from the attorney the proceeds of the sale which were in the attorney's hands but the disposition of proceeds by the attorney by depositing them in a bank account did not make such account a part of the estate which could pass under the terms of the third paragraph of the will. Since the bank account was created solely at the instigation of the attorney, it cannot be considered

a testator's bank account but rather as the subject of a chose in action or debt owed by the attorney to the testator which passed under the residuary clause of testator's will. (Appeal from decree of Onondaga County construing will.) Present — Goldman, P. J., Del Vecchio, Marsh, Cardamone and Henry, JJ.